258 Kan. 396 (1995)
In the interest of D.B.S., a minor child, by and through his guardian ad litem, and P.S., his mother, and G.F., his alleged father, Appellant,
v.
M.S., Appellee.
No. 71,356
Supreme Court of Kansas.
Opinion filed October 27, 1995.
Donna J. Long, of Vernon, Retter & Long, of Clay Center, argued the cause and was on the brief for appellant.
Susan C. Jacobson, of Jacobson & Jacobson, of Junction City, argued the cause and was on the brief for appellee.
MEMORANDUM OPINION
PARENT AND CHILD  Paternity  Putative Father's Right to Paternity Determination  Constitutionally Protected Right Discussed.
The opinion of the court was delivered by
SIX, J.:
In 1980, P.S. (natural mother) and M.S. were married. While they were living together as husband and wife, D.B.S. was conceived and born. Four years later, M.S. and P.S. were involved in a hotly contested divorce. P.S. initially alleged that G.F. rather than M.S. was the biological father of D.B.S.; she later withdrew her motion for determination of D.B.S.'s parentage upon the advice of her counsel. Eventually, P.S. and M.S. were granted joint custody of D.B.S., with M.S. given residential custody and P.S. given visitation rights. Since the divorce, the parties have continued to be litigious concerning child custody issues.
A year or two after the divorce, G.F. and P.S. began living together; subsequently, G.F. filed a motion for a judicial determination of the paternity of D.B.S., pursuant to the Kansas Parentage Act, K.S.A. 38-1110 et seq. He claimed he had a constitutionally protected interest sufficient to compel the paternity determination. A guardian ad litem was appointed for D.B.S., and the parties stipulated that Dr. Thomas Coleman should perform a psychological evaluation on all of the parties as a basis to evaluate D.B.S.'s best interests. Following the evaluations, Dr. Coleman advised the court that blood tests to determine paternity would not be in D.B.S.'s *397 best interests. The trial court so held. The Court of Appeals affirmed the trial court and further held that, under the circumstances of the case, G.F. had no constitutionally protected interest requiring the determination of the paternity of D.B.S.
We have reviewed and considered the briefs, the arguments, and the record in this case. We conclude the unanimous panel of the Court of Appeals was correct. We therefore adopt the published opinion of the Court of Appeals, opinion by Larson, J., In re D.B.S., 20 Kan. App.2d 438, 888 P.2d 875 (1995), affirming the trial court.
LARSON, J., not participating.
ROBERT H. MILLER, C.J. Retired, assigned.[1]
NOTES
[1] REPORTER'S NOTE: Chief Justice Miller, Retired, was appointed to hear case No. 71,356 vice Justice Larson pursuant to the authority vested in the Supreme Court by K.S.A. 1994 Supp. 20-2616.